IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


SARAH F. TROVINI                                                      PLAINTIFF


v.                                    CIVIL NO. 5:25-cv-05138


FRANK BISIGNANO, Commissioner                           DEFENDANT
Social Security Administration


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Sarah F. Trovini, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).    In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* U.S.C. § 405(g).


### I.      Procedural Background:

Plaintiff protectively filed her application for DIB on December 8, 2021, alleging an inability to work since December 30, 2017, due to agoraphobia, complex PTSD, anxiety/panic disorder, major depression, herniated disc/stenosis/spondylosis in neck, arthritis in hips, lower back, and neck, migraines, bilateral hip dysplasia, complicated grief disorder, torn right hip labrum, and torn hamstring. (Tr. 18, 235). An administrative hearing was held on April 9, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 18, 43–75). A vocational expert ("VE") also testified. *Id*.

1

The ALJ issued an unfavorable decision on July 23, 2024. (Tr. 15–37). The ALJ found that Plaintiff last met the insured status requirements of the Act on December 31, 2022, and did not engage in substantial gainful activity during the relevant time period. (Tr. 20). The ALJ found that Plaintiff had an impairment or combination of impairments that were severe: lumbar degenerative joint disease, cervical degenerative joint disease, migraines, anorexia, anxiety, depression, post-traumatic stress disorder, and attention deficit hyperactivity disorder. (Tr. 20). The ALJ acknowledged that additional medical records had been submitted which relate to the time period after the date last insured, which she identifies as exhibits 10F-19F. The ALJ states that medical evidence submitted for the time period after December 31, 2022, cannot establish a severe impairment or disability for this application. (Tr. 21). After reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments found in 20 C.F.R., Subpart P, Appendix 1, specifically examining Listing 1.15 for cervical and lumbar spine disorders, Listing 11.02B for migraines, and Listings 12.04, 12.06, 12.11, 12.13, and 12.15 for Plaintiff's mental health impairments. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) except that with normal breaks she can sit for a total of six hours and stand or walk for six hours during an eight-hour workday. She can perform simple and repetitive tasks with detailed but not complex instructions. She can have occasional interaction with the general public, coworkers, and supervisors and can have occasional changes in a routine work setting.
> (Tr. 23–29).

The ALJ found Plaintiff was unable to perform any of her past relevant work but, based upon the testimony of the VE, found Plaintiff would be able to perform the representative occupations of merchandise marker, collator operator, and sorter/router. (Tr. 29–31) The ALJ

2

found Plaintiff had not been under a disability, as defined by the Act, from December 20, 2017, through December 31, 2022, the date last insured. (Tr. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on May 2, 2025. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 USC §636(b). (ECF Nos. 9, 13). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.    Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  We must affirm the ALJ's decision if the record contains substantial evidence to support it.  *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

A claimant for Social Security disability benefits has the burden of proving their disability by establishing a physical or mental disability that has lasted at least one year and that

prevents them from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. *See* 20 C.F.R. § 404.1520(a)(4)(v).

### III.    Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred by failing to fully and fairly develop the record; and 2) whether the ALJ erred in her RFC determination. (ECF No. 9).  The Commissioner argues that the ALJ fully developed the record, and did not ignore exhibits 10F-19F as Plaintiff asserts, declining to consider only portions of the evidence dated after Plaintiff's date last insured (ECF No. 13, p. 1). The Commissioner argues that the ALJ's failure to consider the opinion of Suzanne Mckenna, Ph.D., was not error as the RFC

4

assessment form was filled out in January of 2024, well after the date last insured. (ECF No. 13, p. 5). The Commissioner argues that the ALJ did not err in the RFC determination, but rather properly considered Plaintiff's responses to treatment. (ECF No. 13, pp. 5–6).

The matter of most concern to the undersigned is the ALJ's decision to completely ignore the opinion of Plaintiff's treating psychologist, Dr. McKenna. While the ALJ is not obligated to adopt any one opinion, she is obligated to consider the supportability, consistency, and persuasiveness of each piece of opinion evidence. If the ALJ felt that this piece of evidence was unclear regarding the time period it evaluated, the ALJ could have chosen to ask Dr. McKenna to clarify or could have chosen to state those concerns in her opinion and discounted the persuasiveness of Dr. McKenna's opinion. However, the ALJ did not choose to address this opinion in any way. The ALJ's failure to comply with the opinion-evaluation Regulation warrants remand. *Bonnett v. Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021) (unpublished) (citations omitted); *Brandy B. v. Dudek*, No. 4:25-CV-394 SRW, 2025 WL 3227484, at *5 (E.D. Mo. Nov. 19, 2025) (An ALJ must articulate how persuasive he found all medical opinions and prior administrative medical findings in a claimant's case record).

Vitally, medical records created after the date last insured should still be considered insomuch as they provide information regarding a plaintiff's condition during the relevant time period. "Evidence of a disability subsequent to the expiration of one's insured status can be relevant, however, in helping to elucidate a medical condition during the time for which benefits might be rewarded*." See Ray v. Astrue*, 2011 WL 976705 at *6 (W.D. Ark. 2011) (*citing Fowler v. Bowen*, 866 F.2d 249, 252 (8th Cir.1989) (subsequent reports reveal Fowler's condition to be a seriously limiting and deteriorating one. Most notably, in February 1985, less than one year after the expiration of Fowler's insured status, physicians at the University of Iowa recommended

5

against any surgery because of Fowler's precarious physical condition.); *see also Martonik v. Heckler*, 773 F.2d 236, 240–41 (8th Cir. 1985).

Additionally, as the Plaintiff points out, the opinion evidence relied on by the ALJ did not appear to take into account all of Plaintiff's severe impairments including her anorexia. Anorexia is not listed as one of Plaintiff's impairments even at the reconsideration level when Dr. Julie Cohen and Dr. Ken Murphy considered Plaintiff's treatment records and offered their opinions. (Tr. 86, 88–90, 90–92). Based upon a plain reading of the ALJ's opinion, she did not consider any opinion evidence related to the limitations Plaintiff's anorexia would impose on her RFC. The ALJ specifically found that Plaintiff would be limited to light work due to migraines, lumbar and cervical degenerative joint disease, and related complaints of pain. (Tr. 25). She also found that Plaintiff would have limitations related broadly to mental impairments. *Id*. The ALJ noted a treatment note from a visit to Stephanie Ho, MD, on March 29, 2022, that her anorexia was bothersome when under stress, acknowledged that Plaintiff was undergoing inpatient treatment for anorexia at the time of the hearing, and discussed Plaintiff's complaints of fatigue due to anorexia. (Tr. 24, 27). However, the ALJ did not delve into what limitations Plaintiff's anorexia would impose on her RFC.

A claimant's RFC must fully account for all of his or her impairments, whether severe or non-severe. *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). By definition, a severe impairment is one that significantly limits a claimant's ability to engage in basic work activities. *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011). "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-CV-212-JLH-BD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15,

2019), report and recommendation adopted, No. 4:18-CV-212-JLH-BD, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019); *see also Franklin v. Comm'r of Soc. Sec. Admin.*, No. 4:20-CV-01037-BSM-ERE, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, No. 4:20-CV-01037-BSM, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) ("The ALJ cannot plausibly find at Step Two that Ms. Franklin's impairment significantly limits her ability to perform basic work activities and also disregard the impairment in determining her RFC."). In this case, the ALJ found Plaintiff had the severe impairment of anorexia, however, it remains unclear from the RFC that the ALJ considered how this impairment would inhibit Plaintiff's RFC.

Finally, the ALJ fails to clarify how Plaintiff's migraines are accommodated by a limitation to light work. Plaintiff's testimony was that her migraines were exacerbated by light, strong odors, and sounds. (Tr. 65). Plaintiff also testified that despite having success with Botox and Ubrelvy, she still had 4-6 migraines per week, although she acknowledged that not each of those migraines were severe. (Tr. 57–58). Plaintiff testified that the severe migraines required her to spend 3-6 hours in a dark room with noise canceling headphones and ice packs, and that these occurred on average three times a week. *Id*. The ALJ cites a medical record from Steven Graham, MD, in August of 2022, for follow-up on Botox injections for treatment of migraines, where Plaintiff reported 8 migraines – a 70 percent reduction in number of headaches - since her last visit approximately six weeks prior. (Tr. 27). The ALJ does not address what impact Plaintiff's migraines—which require her to spend hours in bed at least weekly—would have on her ability to work beyond finding they would limit her to light work. This lack of analysis is troubling when one considers that a 70 percent reduction in her headaches, while Plaintiff was considered to have a good response to treatment, still meant she was having eight migraines in

the span of six weeks. The ALJ did not address the possibility that this frequency of migraines would cause absenteeism, and did not include limitations to avoid migraine triggers.

While the ALJ did restrict Plaintiff to light work due to migraines and other impairments, there is no logical bridge between Plaintiff's migraines and the limitations adopted and the Court will not resort to speculation as to why the ALJ adopted these specific limitations. *See St. Clair v. Colvin*, 12-cv-4250, 2013 WL 4400832, at *2 (W.D. Mo., Aug. 14, 2013) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) ("This court upholds an ALJ's decision if the evidence supports the decision and the ALJ explains [his] analysis of the evidence with enough detail and clarity to permit meaningful review ... Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion[.]") (internal citations omitted).

While the ALJ is not required to find the Plaintiff's limitations testimony persuasive and is not required to adopt those specific limitations in the ultimate RFC assessment, the ALJ must make clear how the limitations imposed are related to the impairment. *See Herschel F. v. O'Malley*, No. 1:22-CV-2218-SEB-MG, 2024 WL 983760, at *5 (S.D. Ind. Jan. 19, 2024), *report and recommendation adopted*, No. 1:22-CV-02218-SEB-MG, 2024 WL 1108529 (S.D. Ind. Mar. 13, 2024) (Finding that the ALJ's conclusion that Plaintiff must avoid vibrations when there was nothing to suggest Plaintiff's headaches were impacted by vibration did not adequately explain how headaches limited Plaintiff's ability to work).

The Court recommends remand for the ALJ to more clearly account for all of Plaintiff's limitations in the RFC determination, to clearly consider all opinion evidence, and to procure more evidence as needed.

### III.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of February 2026

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

9